**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:17-cv-00307-FDW**

| | | |
|---|---|---|
| **COREY D. GREENE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **CARLOS HERNANDEZ,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner's pro se "Motion to Reconsider,"

filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] (Doc. No. 8).

## I.     RELEVANT BACKGROUND

Petitioner is a prisoner of the State of North Carolina who is serving a life-sentence. He

filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 5, 2017,

seeking to have disciplinary convictions dated February 26, 2016, March 4, 2016, and March 18,

2016, vacated and certain privileges, including good-time credits, restored. (Doc. No. 1.) The

Court dismissed the habeas Petition on June 1, 2018 (Doc. No. 5), and Petitioner filed the instant

Rule 59(e) Motion on June 11, 2018 (Doc. No. 8).

## II.     STANDARD OF REVIEW

A district court "has the discretion to grant a Rule 59(e) motion only in very narrow

circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for

new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest

---

[1] Petitioner's Motion is considered under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days
of entry of judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28
days after the entry of the judgment.").

injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem.

Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "Rule 59(e) motions may not be used to

make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at

708.

### III. DISCUSSION

Petitioner does not contend there has been an intervening change in controlling law or

that he has discovered new evidence not available at his disciplinary hearings. Nor does he

identify a clear error of law in the Court's Order dismissing his Petition. Instead he contends the

Court's judgment rested on certain factual errors.

First, Petitioner disagrees with the Court's holding that the claims raised in his habeas

Petition are not cognizable on federal habeas review. As noted, the habeas Petition challenges

disciplinary convictions from February and March 2016. (Doc. No. 1.) Among the punishments

imposed for the convictions was revocation of some good-time/gain time ("sentence reduction")

credits. In its Order dismissing the Petition, the Court explained that Petitioner may proceed

under § 2254 only to the extent the disciplinary convictions increased the duration of his custody.

(Doc. No. 5 at 2 (citing Wilkinson v. Dotson, 544 U.S. 74, 79 (2005); Preiser v. Rodriguez, 411

U.S. 475, 487-488 (1973)).)

Ordinarily, loss of good-time credits would affect the duration of a prisoner's sentence.

Dotson, 544 U.S. 74 at 79 ("Because an action for restoration of good-time credits in effect

demands immediate release or a shorter period of detention, it attacks 'the very duration of . . .

physical confinement,'. . . and thus lies at 'the core of habeas corpus[.]'" (quoting Rodriguez,

411 U.S. at 487-488)). Petitioner, however, is serving a life sentence, and under North Carolina

law, sentence reduction credits do not shorten the length of a life sentence but merely apply to

custody status, parole eligibility, and potential commutation. See Jones v. Keller, 698 S.E.2d 49 (N.C. 2010). In other words, revocation of Petitioner's sentence reduction credits has not made his sentence for first-degree murder any longer than it would have been had they not been revoked. Accordingly, Petitioner may not challenge his February and March 2016 disciplinary proceedings under § 2254. See § 2254(a).

Petitioner contends he is not serving a true life-sentence because he was sentenced under the Fair Sentencing Act, which provides that after 20 years the prisoner is eligible for parole. According to Petitioner, North Carolina Department of Public Safety rules and policies state disciplinary infractions may be considered when determining a prisoner's parole eligibility. Thus, he argues, infractions can lengthen a prisoner's sentence when he is eligible for parole, and parole is denied due to those infractions.

On the contrary, denial of parole does not lengthen a sentence; it merely means that a sentence is not shortened. Under the Fair Sentencing Act ("FSA"), a prisoner sentenced to life in prison for first-degree murder became eligible for a parole status review after serving 20 years of his sentence. See N.C. Gen. Stat. § 15A-1371(a)(1) (1981) (amended 1993; repealed 1994). If parole was denied, the state parole commission was required to review the prisoner's parole status annually thereafter, until parole was granted. See id. at § 15A-1371(b)(2) (repealed 1993). Although the FSA was repealed, the parole provisions remain applicable to sentences based on offenses, like Petitioner's, that occurred before October 1, 1994. See Structured Sentencing Act, ch. 538, sec. 56, 1993 N. C. Sess. Laws.

In 2008, however, the North Carolina General Assembly passed a law limiting the frequency of parole reviews for inmates convicted of first-degree murder and sentenced under the FSA. See Act of July 18, 2008, 2008 N. C. Sess. Law 2008-133 (H.B. 1624). The new law

went into effect on October 1, 2008 and provides for parole status review every three years. Id. According to Petitioner, he was sentenced in 1993, which made him eligible for parole status review in 2013 and every three years thereafter. Since Petitioner does not allege he was granted parole in 2013 or 2016, it may be inferred that "eligible" for parole does mean "entitled" to parole.

Thus, if Petitioner's February and March 2016 disciplinary convictions were reversed, it necessarily would lead to restoration of good-time credits but not to immediate release from confinement or a shorter stay in prison. At most, it would mean that at Petitioner's next parole status review in 2019, the North Carolina parole authorities may, in their discretion, decide to shorten his prison term by granting him parole or decline to do so. See § 15A-1371(d) (describing the parole authority's discretionary powers). Because Petitioner's claims would not necessarily spell speedier release if successful, they do not lie at "the core of habeas corpus," Preiser, 411 U.S. at 489, and he may not pursue them under §2254.

Petitioner also challenges this Court's conclusion that even if his claims are cognizable on federal habeas review, the Petition must be dismissed for failure to comply with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court explained in its Order dismissing the habeas Petition that Rule 2(e) requires that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." (Doc. No. 5 at 3.) Although not courts of law, disciplinary hearings are the prison equivalent when judgments issued in disciplinary proceedings are challenged in habeas.

Petitioner contends Rule 2(e) does not require him to file separate habeas petitions for his February 26, 2016, March 4, 2016, and March 18, 2016 judgments because the same officer

conducted each disciplinary hearing. (Rule 59(e) Mot. 4, Doc. No. 8.) Petitioner is incorrect. The disciplinary convictions at issue here involved infractions that occurred on different days (a CO2 on 2/16/16, an A99 in reference to A3 and a B99 in reference to B1 on 2/17/16, and an A99 in reference to A16 on 3/3/2016) (Doc. No. 1 at 17-19, 37, 40), were unrelated, and were tried on three different days (2/26/16, 3/3/16, and 3/18/16) (Doc. No. 1 at 47). Likewise, judgment was entered on three different days (2/26/16, 3/3/16, and 3/18/16). (Id.). Accordingly, pursuant to Rule 2(e), Petitioner may not challenge all of these judgments in the same habeas petition but must file a separate habeas Petition for each disciplinary judgment.

## IV. CONCLUSION

Petitioner has failed to show the existence of any of the circumstances under which a Rule 59(e) motion may be granted. See Hill, 277 F.3d at 708. Consequently, his Motion shall be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion to Reconsider" (Doc. No. 8) **DENIED**.

Signed: February 26, 2019

Frank D. Whitney
Chief United States District Judge